UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ING BANK N.V.                                             CIVIL ACTION

VERSUS                                                    NO. 16-7

FUJIAN OCEAN SHIPPING CO., LTD.                           SECTION: "G"(4)

ORDER

Before the Court is Plaintiff's "Motion for Issuance of a Writ of Attachment and Garnishment Pursuant to Supplemental Admiralty Rule B."[1] Considering the Verified Complaint, the pending motion, and the supporting papers, the Court finds the following deficiencies in Plaintiff's motion.

First, Supplemental Admiralty Rule B(1)(b) for an action *in personam* provides that "[t]he plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district."[2] Here, while the verified complaint provides that "[u]pon information and belief, [the defendant] cannot be found within this District,"[3] the affidavit signed by Plaintiff's attorney includes no such statement.[4] Therefore, Plaintiff's motion does not comply with the requirements of Supplemental Admiralty Rule B.

Furthermore, Plaintiff alleges in its Verified Complaint that attachment of the ZHENG YAO vessel is proper because it is owned by Zheng Yao Shipping Group, Ltd., a single vessel business entity that shares a business address with and is wholly owned by Defendant Fujian Ocean Shipping

---

[1] Rec. Doc. 2.

[2] Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule B(1)(b).

[3] Rec. Doc. 1 at 22.

[4] Rec. Doc. 1-1

Co. Ltd. ("FOSCO"), such that Zheng Yao Shipping is a mere alter ego of FOSCO. However, in order to establish a right to attachment, a plaintiff must show that it has a valid *prima facie* admiralty claim against the defendant.[5] The alter ego doctrine applies only if: "(1) the owner exercised complete control over the corporation with respect to the transaction at issue and (2) such control was used to commit a fraud or wrong that injured the party seeking to pierce the veil."[6] "To state a prima facie claim for alter ego liability, plaintiffs must make specific factual allegations from which alter ego status can be inferred; conclusory allegations are insufficient."[7] Here, Plaintiff alleges only two specific facts to support its claim that Zheng Yao Shipping is a mere alter ego of FOSCO. Without more, the Court cannot find that Plaintiff has stated a *prima facie* claim against Defendant supporting a writ of attachment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Issuance of a Writ of Attachment and Garnishment Pursuant to Supplemental Admiralty Rule B"[8] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  4th  day of January, 2016.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See Icon Amazing, L.L.C. v. Amazing Shipping, Ltd.*, 951 F. Supp. 2d 909, 915 (S.D. Tex. 2013); *Richardson Stevedoring & Logistics Servs., Inc. v. Daebo Int'l Shipping Co.*, No. CIV.A. 15-490, 2015 WL 893518 (E.D. La. Mar. 2, 2015) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 2006 AMC 1872, 1884-85, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 2009-2409, 585 F.3d 58 (2d Cir. 2009); *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co.*, No. CA C 12-074, 2013 WL 1628358, at *3 (S.D. Tex. Mar. 28, 2013).

[6] *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 359 (5th Cir. 2003).

[7] *Naftomar Shipping & Trading Co. v. KMA Int'l S.A.*, No. CIV.A. V 11-2, 2011 WL 888951, at *5 (S.D. Tex. Mar. 10, 2011) (quoting *Emeraldian Ltd. Partnership v. Wellmix Shipping Ltd.*, 2009 WL 3076094, *3 (S.D.N.Y., Sept.28, 2009)).

[8] Rec. Doc. 2.